GEORGE W. GETTS v. WILLIAM J. CHAMPION and Frank B. Meyer, Copartners as Champion & Meyer.

(163 N. W. 263.)

**Personal property — pianos — consigned on commission — for sale — written contract — to insure — for benefit of consignor — or owner — insurable interest — consignee has.**

Where a party receives pianos to be sold on commission, under a written agreement to keep the same insured, with loss, if any, payable to the consignor

---

Note.—Policies on property held by bailees, factors, carriers, warehousemen, and commission merchants are generally sustained on the ground that the insurer has a special lien, and therefore has a present interest himself, and that, as regards the interest of the other party, the insured is a trustee for his interest even though the same property may not be controlled by him at the time of the fire as at the time of the insurance, as will be seen by an examination of note in 52 L.R.A. 330, on the general topic, "Time when insurable interest must exist under fire policies."

For cases discussing the question of insurable interest of consignee, see note in 8 Am. Rep. 150.

to the amount of the price payable to him, there is no legal objection to the agreement.

Opinion filed May 9, 1917.

Appeal from the District Court of William County, Honorable *Frank E. Fisk,* Judge.

Affirmed.

*John J. Murphy* and *Ivan V. Metzger,* for appellants.

Defendants were not factors, nor had they any insurable interest in the goods consigned to them, which were destroyed by fire. Tierney v. Phœnix Ins. Co. 4 N. D. 565, 36 L.R.A. 760, 62 N. W. 642.

The insurable interest must exist at the time of fire as well as when the insurance takes effect. Comp. Laws 1913, §§ 6145, 6369; Turner v. Crompton, 21 N. D. 294, 130 N. W. 937, Ann. Cas. 1913C, 1015; 19 Cyc. 583.

*H. A. Libby,* for respondent.

The defendants, who were the plaintiff's consignees of pianos for sale purposes, had an insurable interest in the property consigned to them. The pianos were consigned at jobber's prices, which were much lower than the retail prices, and the difference represented defendants' profits in the business. Comp. Laws 1913, §§ 6466–6468.

A bailee or depositary, being liable by law or under contract for the safety and preservation of the goods bailed or deposited, has an insurable interest in the goods. 13 Am. & Eng. Enc. Law, 152; Com. v. Hide & Leather Ins. Co. 112 Mass. 136, 17 Am. Rep. 72; White v. Madison, 26 N. Y. 117; Murdock v. Franklin Ins. Co. 33 W. Va. 407, 7 L.R.A. 572, 10 S. E. 777.

This is true of a person who has only a limited or special interest in the property consigned. Shaw v. Ætna Ins. Co. 49 Mo. 578, 8 Am. Rep. 150; Ins. Co. v. Chase, 5 Wall. 509, 18 L. ed. 524; Eastern R. Co. v. Howard L. Relief F. Ins. Co. 98 Mass. 420; Carter v. Humbolt F. Ins. Co. 12 Iowa, 287; Flanders, Fire Ins. p. 241; Angel, Fire & Life Ins. p. 99.

And a bailee's insurable interest is not limited to his interest or lien, but covers the full value of the goods. 13 Am. & Eng. Enc. Law, 153; Waring v. Indemnity F. Ins. Co. 45 N. Y. 606, 6 Am. Rep. 146; Stillwell v. Staples, 19 N. Y. 401.

A common carrier has such an insurable interest. 13 Am. & Eng. Enc. Law, 153, 155; Shaw v. Ætna Ins. Co. 49 Mo. 578, 8 Am. Rep. 150; Fox v. Capital Ins. Co. 93 Iowa, 7, 61 N. W. 211; Ætna Ins. Co. v. Jackson, 16 B. Mon. 242; French v. Hope Ins. Co. 16 Pick. 397; Sturm v. Atlantic Mut. Ins. Co. 63 N. Y. 77.

Further, defendants had expressly agreed in their written contract with plaintiff to insure all goods consigned, for plaintiff's benefit, in an amount equal to the consigned prices. Waterbury v. Dakota F. & M. Ins. Co. 6 Dak. 468, 43 N. W. 697; Home Ins. Co. v. Baltimore Warehouse Co. 93 U. S. 527, 23 L. ed. 868; Baxter v. Hartford F. Ins. Co. 11 Biss. 306, 12 Fed. 481; Hough v. People's F. Ins. Co. 36 Md. 398; Goodall v. New England Mut. F. Ins. Co. 25 N. H. 169; Waring v. Indemnity F. Ins. Co. 45 N. Y. 606, 6 Am. Rep. 146; Lockhart v. Cooper, 87 N. C. 149, 42 Am. Rep. 514; Reitenbach v. Johnson, 129 Mass. 316; 12 Am. & Eng. Enc. Law, 635, and cases cited; De Forest v. Fulton F. Ins. Co. 1 Hall, 110; The Sidney, 23 Fed. 88; Johnson v. Campbell, 120 Mass. 449; Phœnix Ins. Co. v. Erie & W. Transp. Co. 117 U. S. 312, 29 L. ed. 873, 6 Sup. Ct. Rep. 750, 1176; California Ins. Co. v. Union Compress Co. 133 U. S. 387, 33 L. ed. 730, 10 Sup. Ct. Rep. 365; Pennefeather v. Baltimore Steam Packet Co. 58 Fed. 481; Strong v. Manufacturers' Ins. Co. 10 Pick. 40, 20 Am. Dec. 507; Shaw v. Ætna Ins. Co. 49 Mo. 578, 8 Am. Rep. 150; Bartlett v. Walter, 13 Mass. 267, 7 Am. Dec. 143; Oliver v. Greene, 3 Mass. 133, 3 Am. Dec. 96; Herkimer v. Rice, 27 N. Y. 173; Story Agencies, § 111; Siter v. Morrs, 13 Pac. 219; Savage v. Corn Exch. F. & I. Ins. Co. 36 N. Y. 655; Crowley v. Cohen, 3 Barn. & Ad. 478, 110 Eng. Reprint, 172, 1 L. J. K. B. N. S. 158, 13 Eng. Rul. Cas. 314; Wood, Fire Ins. §§ 280, 289, and 305; Wilbraham v. Snow, 2 Wms. Saund. 47, 85 Eng. Reprint, 624; Story, Bailm. § 125; Ladd v. North, 2 Mass. 514.

ROBINSON, J. This is an appeal from a directed verdict in favor of the plaintiff for $1,669. Defendants were in the piano business at Williston, under a written contract that plaintiff ship to them, at Williston, eight pianos to be sold on commission, the plaintiff to receive from such sales a specified net sum. By written contract the defendants agreed thus:

We agree to take good care of all instruments consigned to us, and to be responsible for the safe-keeping of the same; also to hold ourselves responsible in case of any loss or damage to your instruments, and to keep them insured for your benefit, with the policies made payable to you to the amount at least of the consignment price of the same.

We agree to send the cash to you for each and every instrument separately as soon as sold.

We agree to furnish all necessary funds for the payment of freight charges.

It is expressly understood and agreed that nothing in this agreement shall be in any sense construed as constituting the sale of such instruments or giving us an interest of any kind whatever in them.

Then there are figures showing the price agreed upon for the different styles of pianos.

Under the agreement plaintiff shipped to the defendants six pianos, making eight pianos, with two which were on hand and which were included in the agreement. Defendants received the pianos, paid freight on them, put them into their store, but neglected to insure them, and in a few days the store and the pianos were burned.

The suit is to recover the net invoice wholesale price which plaintiffs were to receive for the pianos.

The defense is that the defendants could not insure the pianos, because they had no title or interest in them, and that at the time of the loss the pianos were in possession of the plaintiff's agent, whom they had sent to make a special advertising sale of the pianos. It does appear that the plaintiff corresponded with the defendants, purposing to aid them in making a special boom sale of the pianos, and they sent out boom literature to persons whose names and addresses were given them by the defendants. They sent their agent to aid the defendants in advertising and making the boom sale. And this the plaintiff was glad to do because of his interest in the sale. The defendants had exclusive possession and control of the pianos from the time they took them to their store, and in case of a sale the profits belonged to them. In regard to the contract to insure the pianos for the benefit of the plaintiff to the amount of the invoice price, it is no answer for defendants to say that they had no title or interest in the property. The contract was: "We agree to take good care of all instruments consigned to us,

and to be responsible for the safe-keeping of the same; and also to hold ourselves responsible in case of loss or damage to your instruments, and to keep them insured for your benefit, with the policies made payable to you in case of loss to an amount at least equal to the consignment price of the same." Surely that is a clear and specific contract, made for a valuable consideration, and there is no claim that it was obtained by any fraud or undue influence; and it was not a contract to do an impossible thing, and indeed it might well be held that defendants were liable as insurers under the contract to hold themselves responsible for any loss or damage to the instruments. That was a personal covenant against all loss or damage, in addition to the covenant to insure against special loss by fire. On the sale of each piano the defendants had a profit of a hundred dollars or more, and that was the consideration of their covenants. Clearly the defense has no merits. Judgment affirmed.